**ATLANTIC OCEAN PRODUCTS, INC.,** a Massachusetts corporation, **Tupman Thurlow, Inc.,** a New York corporation, **and Artic Fishery Products, Ltd., Bonavista Cold Storage Co., Ltd., Earle Brothers Fisheries, Ltd., Fishery Products, Ltd., Job Bros. and Co., Ltd., H. B. Clyde Lake, Ltd., North Eastern Fish Industries, Ltd., Newfoundland Quick Freeze, Ltd., P. Janes and Sons, Ltd., Canadian corporations, Plaintiffs,**

v.

**Walter D. LETH, Director, Department of Agriculture, State of Oregon, and Robert Y. Thornton, Attorney General, State of Oregon, Defendants.**

Civ. No. 67–534.

United States District Court
D. Oregon.

March 27, 1968.

Mautz, Souther, Spaulding, Kinsey & Williamson and Rockne Gill, Portland, Or., for plaintiffs.

Robert Y. Thornton, Atty. Gen. of Oregon, and Harold E. Burke, Asst. Atty. Gen., Salem, Or., for defendants.

Before CARTER, Circuit Judge, and SOLOMON and KILKENNY, District Judges.

## OPINION

SOLOMON, District Judge:

Plaintiffs are Canadian processors and exporters as well as American importers and distributors of Reinhardtius hippoglossoides, a flatfish which they label and sell as "Greenland Halibut." They seek to enjoin the defendants from enforcing ORS 616.217 [1] which prohibits the use of the word "Halibut", with or without additional descriptive words, in the labeling or sale of any fish other than Hippoglossus hippoglossus (Atlantic Halibut) or Hippoglossus stenolepis (Pacific Halibut). Defendants are the officials and agency of the State of Oregon charged with enforcing the statute.

Plaintiffs allege that the statute (1) denies them equal protection of the law; (2) is an undue and unreasonable restraint on interstate and foreign commerce; and (3) is invalid because Congress preempted this area of regulation in the Fair Packaging and Labeling Act, 15 U.S.C.A. §§ 1451–1461. [2] Defendants deny these allegations and assert that the Oregon statute is a valid exercise of the state's police power to protect its citizens from deceptive practices.

 Plaintiffs have standing to challenge the constitutionality of the Oregon statute. This action involves a substantial federal question and more than $10,000. This three-judge court properly has jurisdiction. 28 U.S.C. § 2281; Ness Produce Co. v. Short, 263 F. Supp. 586 (D. Oregon 1966).

The parties submitted this action on the agreed facts in the pre-trial order and on the exhibits, depositions and stipulated testimony.

In 1882, David Starr Jordan first described Reinhardtius hippoglossoides as "Greenland Halibut" to the scientific community. Since then, Reinhardtius hippoglossoides has been defined as "Greenland Halibut" in several scientific works and classifications and in the 1912, 1934, 1956 and 1966 editions of Webster's New International Dictionary.

Although the term "Greenland Halibut" is accepted in the scientific community to describe Reinhardtius hippoglossoides, it is not a commonly understood name among the general public. It is principally caught off Newfoundland where it is known as "Turbot", and prior to 1963, was sold as a smoked fish in Northern Europe. The term "Greenland Halibut" has been used in the United States only since 1963 and in Oregon for a shorter time.

For many years, Hippoglossus hippoglossus (Atlantic Halibut) and Hippoglossus stenolepis (Pacific Halibut) have been commonly known as "Halibut", and the plaintiffs concede that it would be misleading to label or sell Reinhardtius hippoglossoides (Greenland Halibut) as "Halibut" without the descriptive word "Greenland." "Greenland Halibut" contains seven times more fat than "Halibut" and twenty-five per cent less protein. The flesh of "Greenland Halibut" is less firm and its skin is darker. It is generally sold as skinless, boneless fillets. "Halibut" is usually sold whole or in parts with the skin on or as skinless steaks, chunks or fillets.

 The consumer is not aware of these differences between "Halibut" and "Greenland Halibut" and the labeling and selling of Reinhardtius hippoglossoides as "Greenland Halibut" is decep-

---

1. Chapter 413, Oregon Laws 1967. The Act provides: "No person shall label or offer for sale any food fish product designated as halibut, with or without addi-

tional descriptive words, unless such food fish product is Hippoglossus hippoglossus or Hippoglossus stenolepis."

2. Public Law 89–755, 80 Stat. 1296–1302.

tive. This was demonstrated by the sharp drop in the sales of the fish after plaintiffs could no longer sell it as "Greenland Halibut."

ORS 616.217 does not deny the plaintiffs equal protection of the law. The statute makes a rational classification and the classification bears a rational relationship to a legitimate regulatory interest. Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963). Reinhardtius hippoglossoides is inferior to "Halibut". "Greenland Halibut" is not a common name in the market place and the consumer confuses it with "Halibut". The addition of the word "Greenland" will not protect the consumer. Oregon's restriction on the use of the word "Halibut" to protect the consumer is reasonable and is within the state's police power. Huron Portland Cement Co. v. City of Detroit, 362 U.S. 440, 80 S.Ct. 813, 4 L.Ed.2d 852 (1960).

■■■ ORS 616.217 does not violate the supremacy clause. The Fair Packaging and Labeling Act, 15 U.S.C.A. §§ 1451–1461 (F.P.L.A.) does not preempt this area of regulation.

Section 12 of F.P.L.A. provides:

"It is hereby declared that it is the express intent of Congress to supersede any and all laws of the States or political subdivisions thereof *insofar as they may now or hereafter provide for the labeling of the net quantity of contents of the package* of any consumer commodity covered by this Act which are less stringent than or require information different from the requirements of section 4 of this Act or regulations promulgated pursuant thereto." (Emphasis supplied.)

The Fair Packaging and Labeling Act only supersedes State "net contents" regulations. Congress, by omitting an express limitation on the State's power to regulate product names, did not intend to preempt this area of regulation. Corn Products Refining Company v. Eddy, 249 U.S. 427, 39 S.Ct. 325, 63 L.Ed. 689 (1919).

■■ The state statute does not conflict with any decision of the Food and Drug Administration. The Administration has made no firm or final policy decision on "Greenland Halibut" as a common name for Reinhardtius hippoglossoides.

■■ The state statute was designed to prevent deception of the consumer. It does not prohibit the sale of Reinhardtius hippoglossoides under another name such as "Greenland Fillets". It merely protects Oregon consumers who expect the fish that they have known as "Halibut" when they purchase fish containing that name.

■■ ORS 616.217 does not impose a direct, undue or unreasonable burden on interstate or foreign commerce and it does not offend the commerce clause. It does not discriminate against interstate commerce or favor local competitors. "Halibut" is not a product of Oregon fisheries. Furthermore, the statute has uniform application.

We find that ORS 616.217 is constitutional. The plaintiffs' request for an injunction is denied and the action is dismissed.

This opinion shall constitute findings of fact and conclusions of law under Rule 52(a), Federal Rules of Civil Procedure.